FRANK CORSO, ET AL.
vs.
BRIDGEPORT BREWING CO., ET AL.

Superior Court　　　Fairfield County　　　File #47968

Present:  Hon. NEWELL JENNINGS, Judge.

Finklestone & Finklestone,　Attorneys for the Plaintiffs.

Shapiro, Goldstein & Brody;
John M. Chapnick,　　　Attorneys for the Defendants.

## MEMORANDUM FILED JUNE 21, 1937.

JENNINGS, J. This was an exceedingly complicated fraud case with a special defense of settlement and release. The parties were numerous. The plaintiffs' exhibits exhausted the alphabet twice and made a good start on the third trip. The jury found for the plaintiffs on both the complaint and special defense. There was ample evidence to sustain this finding and it was not seriously attacked in the argument on the motion. The picture which Mr. Chapnick himself painted of himself was not an attractive one.

The principal arguments in support of the motion fall into two divisions. The defendants say that the jury was incapable of comprehending issues as complicated as those in this case and that no evidence sufficient to support the award of damages was in existence.

While the trial lasted over two weeks and the testimony and exhibits were voluminous, the final issue was really a very simple one, depending almost entirely on the credibility of witnesses. Even if, as seems probable, the amount of the notes claimed to have been given in settlement was included in the first unaccepted verdict, this does not, as claimed by the defendants, establish the validity of the settlement. The jury was distinctly told that even if the notes were given, "an accord and satisfaction induced by false and fraudulent representation or by a concealment of material facts by one whose duty it was to disclose them, is void."

Damages were claimed under two heads, the value of the plaintiffs' stock for which they had paid $60,000 and the value of their $25,000 mortgage for which they had loaned $23,000. In view of the complicated figures and state of facts referred to above, I took the responsibility of removing the claim for conversion of the stock from the consideration of the jury. Since a very fair argument could be made that this stock actually had some value, it follows that there was ample evidence to support a finding that the mortgage was worth its face value at the time of the conversion. I have not the mortgage before me, but if it is true that it was not due at the time of the conversion, still the plaintiffs, having lost it, would be entitled to accrued interest to the date of the conversion.

The motion is denied.